## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## Wheeling

**RAYMOND KORNEGAY,**

      Petitioner,

v.                                **CIVIL ACTION NO. 5:24-CV-199**
                                              Judge Bailey

**WARDEN R. BROWN,**

      Respondent.

## ORDER

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone. [Doc. 7]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on December 23, 2024, wherein he recommends that the Petition be denied and dismissed with prejudice. [Id. at 8] For the reasons that follow, this Court will adopt the R&R.

### I. BACKGROUND[1] & STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the

---

[1] This Court fully adopts and incorporates herein the "Background" section of the R&R. *See* [Doc. 7 at 2–3].

1

factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." ***Orpiano v. Johnson***, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. ***Haines v. Kerner***, 404 U.S. 519, 520 (1972); ***Gordon v. Leeke***, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Petitioner filed a Request for an Extension of Time [Doc. 9], which was granted in this Court's January 27, 2025 Order [Doc. 10]. Petitioner timely filed his Motion of Objection to the Magistrate Judge's Report and Recommendation [Doc. 11] and accompanying Supplemental Motion [Doc. 11-1] on February 3, 2025. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## II. DISCUSSION

In the R&R, Magistrate Judge Mazzone opined that the Petition should be denied and dismissed with prejudice. [Doc. 7 at 8]. Specifically, Magistrate Judge Mazzone writes that he found the Petition in this case was extremely similar to the § 2241 petition that petitioner filed with this Court earlier this year. [Id. at 6 (citing **Kornegay v. Brown**, Case No. 5:24-cv-136, N.D.W.V., July 19, 2024)]. Magistrate Judge Mazzone notes that the arguments in petitioner's current Complaint "are issues which have already been finally determined and ruled upon by this Court, and further review is unnecessary." [Id. at 7].

In his Objections, petitioner reiterates his arguments from the Petition, and disagrees with Magistrate Judge Mazzone's conclusions. See [Doc. 11 at 1–4]. Petitioner also disagrees with the analysis in the Magistrate Judge's R&R, stating that it "fails to consider recent changes in recent case law" such as **Loper Bright Enterprises v. Raimondo**, 603 U.S. 369, 144 S. Ct. 2244 (2024) and **Woodley v. Warden, USP Leavenworth**, 2024 WL 2260904 (D. Kan. May 15, 2024).

This Court cited and explained **Loper Bright Enterprises** in its decision in petitioner's previous case, "The decision in **Loper Bright Enterprises** only alters the requirement of courts to defer to agencies in the interpretation of ambiguous statutes, and does not invalidate reports and recommendations issued by courts." **Kornegay v. Brown**, Case No. 5:24-cv-136, [Doc. 12 at 3].

In **Woodley**, Woodley claimed he was entitled to an immediate transfer to prerelease custody because the respondent and the Bureau of Prisons ("BOP") violated the governing federal statutes by failing to effect his immediate transfer to prerelease

custody. 2024 WL 2260904, at *1. The respondent in *Woodley* argued that "the place of petitioner's confinement falls within the BOP's discretion, with which this Court has no authority to interfere." *Id.* at *2. The respondent relied on two (2) statutes: 18 U.S.C. § 3624(b), which grants the BOP the authority to designate the place of a prisoner's confinement and to transfer a prisoner to a different facility,[2] and 18 U.S.C. § 3624, which addresses the transfer of a prisoner to prerelease custody.[3] *See id.*

Judge Lungstrum noted that "those statutes, by themselves, do not require the BOP to transfer a prisoner to prerelease custody (for instance, at an RRC) as soon as that prisoner is eligible for such placement, for the maximum allowable period of prerelease custody. Rather, Section 3624 provides that the BOP must, to the extent practicable, ensure that a prisoner spends 'a portion' of his final 12 months under conditions that will prepare the prisoner for reentry into the community." *Id.*

However, Judge Lungstrum pointed out that respondent had not addressed the provisions of the FSA set forth in 18 U.S.C. § 3632 and the fact that Woodley had earned Earned Time Credits ("ETCs"). *Id.* at *2–3. Judge Lungstrum then held:

> Under a plain reading of this provision of the FSA, which includes the word "shall", the BOP is required to transfer a prisoner to prerelease custody or supervised release if the prisoner is "eligible" as determined under Subsection 3624(g). Under Section 3624(g), a prisoner is "eligible" if the

---

[2] 18 U.S.C. § 3621(b) also provides that "a designation of a place of imprisonment under this subsection is not reviewable by any court."

[3] The *Woodley* court specifically addressed subsection 3624(c) and 3624(g). *See Woodley*, 2024 WL 2260904, at *2.

> prisoner has earned ETCs in an amount equal to the remainder of the prisoner's term of imprisonment, which remainder amount has been computed, and the prisoner has met certain benchmarks for the assessed risk of recidivism. *See* id. § 3624(g)(1). Respondent has conceded that petitioner is eligible for placement in prerelease custody. Accordingly, the FSA requires the BOP to place petitioner in prerelease custody.

*Id*. at *3. Judge Lungstrum found that "the BOP has no discretion to refuse or delay the transfer of petitioner to prerelease custody." *Id*. at *4. Ultimately, Judge Lungstrum granted the petition because the BOP's failure to transfer Woodley to prerelease custody violated federal law. *Id*.

In ***Woodley***, Judge Lungstrum hangs his hat on the fact that the respondent did not address the provision of the FSA set forth in 18 U.S.C. § 3632, which includes the word "shall."

This Court, in a civil case involving an energy company, was vacated in part and remanded in instructions over the Court's interpretation of the word "shall" in the Clean Air Act.[4] *See **Murray Energy Corp. v. Adm'r of Env't Prot. Agency***, 861 F.3d 529 (4th

---

[4] "At issue in [***Murray Energy Corp.***] is Section 321(a) of the [Clean Air Act ("CAA")], 42 U.S.C. § 7621(a), which directs the [Environmental Protection Agency] to continuously evaluate the potential employment impact of CAA administration and enforcement. Section 321(a) provides:

> The [EPA] Administrator shall conduct continuing evaluations of potential loss or shifts of employment which may result from the administration or enforcement of the provision of this chapter and applicable implementation plans, including where appropriate, investigating threatened plant closures or reductions in employment allegedly resulting from such administration or enforcement.

42 U.S.C. § 7621(a)." ***Murray Energy Corp.***, 861 F.3d at 532.

5

Cir. 2017). In *Murray Energy Corp.*, the United States Court of Appeals for the Fourth Circuit found that Section 321(a), which provides that the Environmental Protection Agency ("EPA") "**shall** conduct continuing evaluations of potential loss or shifts of employment which may result from the administration or enforcement of the provision of [the CAA] and applicable implementation plans, including where appropriate, investigating threatened plant closures or reductions in employment allegedly resulting from such administration or enforcement" **does not impose** on the EPA a specific and discrete duty amenable to Section 304(a)(2)[5] review. 861 F.3d at 535–536 (emphasis added). Rather, the Fourth Circuit held, "Section 321(a)—when read as a whole—imposes on the EPA a broad, open-ended statutory mandate. . . . The EPA is thus left with considerable discretion in managing its Section 321(a) duty." *Id.* at 536.

Here, Section 3632(d)(4)(C) reads in full:

(C) Application of time credits toward prerelease custody or supervised release.--Time credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities **shall** be applied toward time in prerelease custody or supervised release. The Director of the Bureau of Prisons shall transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release.

(emphasis added). Under Section 3624(g)(1), a prisoner is "eligible" if he or she

---

[5] Section 304(a)(2) of the CAA, 42 U.S.C. § 7604(a)(2), which in pertinent part provides: "[A]ny person may commence a civil action on his own behalf ... against the [EPA] Administrator where there is alleged a failure of the Administrator to perform any act or duty under [the CAA] which is not discretionary with the Administrator."

(A) has earned time credits under the risk and needs assessment system developed under subchapter D (referred to in this subsection as the "System") in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment;

(B) has shown through the periodic risk reassessments a demonstrated recidivism risk reduction or has maintained a minimum or low recidivism risk, during the prisoner's term of imprisonment;

(C) has had the remainder of the prisoner's imposed term of imprisonment computed under applicable law; and

(D)(i) in the case of a prisoner being placed in prerelease custody, the prisoner--

    (I) has been determined under the System to be a minimum or low risk to recidivate pursuant to the last 2 reassessments of the prisoner; or

    (II) has had a petition to be transferred to prerelease custody or supervised release approved by the warden of the prison, after the warden's determination that--

        (aa) the prisoner would not be a danger to society if transferred to prerelease custody or supervised release;

        (bb) the prisoner has made a good faith effort to lower their recidivism risk through participation in recidivism reduction programs or productive activities; and

        (cc) the prisoner is unlikely to recidivate; or

(ii) in the case of a prisoner being placed in supervised release, the prisoner has been determined under the System to be a minimum or low risk to recidivate pursuant to the last reassessment of the prisoner.

18 U.S.C. § 3624(g)(1)(A)–(D).[6]

Section 3632—when read as a whole—imposes on the BOP a broad, open-ended statutory mandate to do many things for inmates. The BOP is thus left with considerable discretion in managing its Section 3632 duty. The BOP gets to, among other items, assess an inmate's risk of recidivism and needs, develop individualized reentry plans for inmates, determine the appropriate classification and placement of inmates within the prison system, manage and facilitate inmates' participation in programs designed to address their specific needs, provide incentives for inmates who engage in positive behavior or successfully complete programs, make recommendations regarding sentence adjustments based on inmates' participation in programs and overall conduct, and collect and report data on inmates' participation in reentry programs and their outcomes to assess the effectiveness of its policies and programs. By statute, it has already been found that "a designation of a place of imprisonment under this subsection is not reviewable by any court." *See* 18 U.S.C. § 3621(b). Thus, this Court finds that Section 3632 does not impose on the BOP a specific and discrete duty amenable to review by this Court. By rejecting the analysis in ***Woodley***, this Court is keeping in line with what other courts have been doing regarding placement. This Court and others have found that determinations of whether to release a prisoner to an RRC or home confinement are not reviewable. ***Winegar v. Adams***, No. 1:20-CV-246, 2021 WL 5629920, at *6 (N.D. W. Va. Nov. 3, 2021) (Mazzone,

---

[6] The Court notes that, as ***Woodley*** acknowledges, the provisions in § 3624, unlike § 3632, are not subject to review under the Administrative Procedures Act. 18 U.S.C. § 2625.

M.J.), *report and recommendation adopted*, 2021 WL 5629480 (N.D. W.Va. Nov. 30, 2021) ("with respect to halfway house placement or home confinement, the petitioner is requesting that this Court order the BOP to place her in an RRC for twelve months or, in the alternative, place her on home confinement. This Court does not have the authority to do so."); ***Crum v. Young***, 2021 WL 2843835, at *6 (S.D. W.Va. Jan. 27, 2021) (Eifert, M.J.), *report and recommendation adopted*, 2021 WL 2434358 (S.D. W.Va. June 15, 2021) (Volk, J.) ("while the First Step Act provides criteria for the BOP to consider when designating an inmate to a place of imprisonment, it also states unequivocally that the BOP's designation is not subject to judicial review."); ***United States v. Smith***, 2019 WL 4016211, at *2 (W.D. Va. Aug. 26, 2019) (Moon, J.) ("While the Second Chance Act and the First Step Act expand the BOP's authority to place prisoners, they do not vest placement authority in this Court.") (citations omitted); ***United States v. Lowe***, 2019 WL 3858603, at *2 (M.D. N.C. Aug. 16, 2019) (Tilley, J.) ("under the First Step Act, Lowe does not have a right to be placed on home confinement or in a residential re-entry center; instead, the BOP has the discretion to determine if those options are appropriate for Lowe."); ***Richardson v. Warden, Bennettsville FCI***, 2021 WL 8323632, at *2 (D. S.C. Nov. 10, 2021) (Rogers, M.J.), *report and recommendation adopted as modified*, 2022 WL 1184038 (D. S.C. Apr. 21, 2022) (Dawson, J.) ("To the extent Petitioner is requesting relief of placement in home confinement under the First Step Act, the statute vests the authority to place Petitioner in home confinement with the BOP, not the courts.") (citations omitted). The remaining cases cited by petitioner, ***Komando v. FCI Berlin, Warden***, 2023 WL 4101457 (D.N.H. Apr. 23, 2023); ***Ramirez v. Phillips***, 2023 WL 8878993 (E.D. Cal. Dec.

22, 2023); and ***Doe v. Fed. Bureau of Prisons***, 2024 WL 455309 (S.D.N.Y. Feb. 5, 2024) are not binding authority, and are not based on analogous circumstances.

Petitioner states that his "sole [contention] was that he was eligible for the application of his earned time credits towards pre-release custody or halfway house placement based on the amount of earned time credits that he had received for his participation in the recidivism reduction [programs]." [Doc. 11 at 4]. As stated fully in Magistrate Mazzone's R&R, "because determinations under § 3624 are not subject to judicial review . . . the petition is accordingly subject to dismissal." [Doc. 7 at 8].

This Court agrees with Magistrate Judge Mazzone that the relief sought in this case is a review of a decision not within the Court's power to review, therefore the Petition will be denied and dismissed.

### III. CONCLUSION

Aside from the arguments addressed herein, a *de novo* review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law. Accordingly, the magistrate judge's report and recommendation [**Doc. 7**] is hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Petitioner's Response/Objections [**Doc. 11**] are **OVERRULED** and to the extent that petitioner's letter submitted on October 30, 2024 [Doc. 6] is construed as a motion, it is **DENIED AS MOOT**. The Petition [**Doc. 1**] is **DENIED and DISMISSED WITH PREJUDICE**.

This Court further **DIRECTS** the Clerk to **STRIKE** this case from the active docket of this Court.

10

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: February 6, 2024.

*[signature]*

**JOHN PRESTON BAILEY**
**UNITED STATES DISTRICT JUDGE**